1

2

3

4

5

6

7

8            UNITED STATES  DISTRICT COURT

9               Northern District of California

10                   Oakland Division

11   MARK CATO,                              No. C 11-05156 LB

12              Plaintiff,                   **ORDER TO SERVE SUMMONS AND**
                                             **COMPLAINT UPON DEFENDANTS**
        v.

13
     COMMUNITY JOB PROGRAM, *et al.*,

14              Defendants.

15   _____/

16        On October 20, 2011, *pro se* Plaintiff Mark Cato filed a Complaint against Defendants[1]

17   Community Job Program and S.F. Private Industry Council for violation of federal law in relation to

18   his employment.  Complaint, ECF No. 1.[2]  The Court granted Plaintiff's Application to Proceed *In*

19   *Forma Pauperis* on December 2, 2011, and ordered the U.S. Marshal to serve Defendants with the

20   summons.  12/2/11 Order, ECF No. 6 at 1.  On December 19, 2011, the U.S. Marshal executed the

21   Summons at the address indicated by Plaintiff.  Acknowledgment of Service, ECF No. 8 at 3.

22        In response to the Summons, non-party Goodwill Industries of San Francisco, San Mateo and

23   Marin Counties, Inc. ("Goodwill") filed a Motion to Dismiss Plaintiff's Complaint on January 10,

24   _____

25        [1]The Complaint caption lists the defendant(s) as "Community Job Program / S.F. Private
     Industry Council."  The Court is unable to tell whether the Plaintiff is naming two defendants, a
26   single defendant with a compound name, or listing multiple names for a single defendant.  For
     purposes of this Order, the Court will assume that there are multiple defendants.
27

28        [2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page
     number at the top of the document, not the pages at the bottom.

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1   2012.  Motion to Dismiss, ECF No. 9.[3]  Goodwill explains that it mistakenly accepted service of the

2   Summons, which was incorrectly addressed to Goodwill's corporate headquarters.  Mem. of P. & A.,

3   ECF No. 9-1 at 2.  According to Goodwill, neither of the named defendants is located at that

4   address.  *Id.* at 1.  Plaintiff did file not file an opposition or submit any files in response to the

5   motion.  Accordingly, this Court accepts Goodwill's assertion that neither Defendant was served at

6   Goodwill's corporate headquarters and finds that the December 19, 2011 service was defective as to

7   both defendants.

8        A plaintiff bears the burden of ensuring that the summons and complaint are properly served.

9   Fed. R. Civ. P. 4(c)(1).  Further, a plaintiff proceeding *in forma pauperis* must provide the U.S.

10  Marshal with sufficient information to serve a defendant.  *See Walker v. Sumner*, 14 F.3d 1415,

11  1421-22 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).

12  Accordingly, Mr. Cato must provide the U.S. Marshal with the correct address information for each

13  Defendant.

14       Mr. Cato, however, has missed the deadline for serving the Defendants.  A plaintiff must serve

15  the defendant within 120 days after it files the complaint.  Fed. R. Civ. P. 4(m).  Where the plaintiff

16  does not comply with this provision, a court must dismiss a case without prejudice unless the

17  plaintiff shows good cause for its failure to serve a defendant.  *Id.*  If good cause appears, the court

18  must extend the time for service for an appropriate period.  *Id.*  Even without good cause, "[c]ourts

19  have discretion under Rule 4(m) . . . to extend the time for service."  *In re Sheehan*, 253 F.3d 507,

20  513 (9th Cir. 2001).  "Courts must apply considerable leeway when assessing whether a *pro se* civil

21  rights litigant's failure to comply strictly with time limits . . . should be excused for good cause."

22  *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1992).  Courts have found that delays in service

23  attributable to the marshal or court clerk "automatically constitute 'good cause' preventing dismissal

24  under Rule 4(m)."  *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995); *Puett v. Blandford*, 912

25  F.2d 270, 275 (9th Cir. 1990) ("[A] plaintiff should not be penalized by having his or her action

26  dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform

27

28

---

[3]Goodwill's Motion to Dismiss is separately disposed of at ECF No. 12.

the duties required of each of them.").

Plaintiff filed the Complaint on October 20, 2011.  Complaint, ECF No. 1.  Thus, the 120-day service deadline under Rule 4(m) expired on February 17, 2012.  However, the Court did not grant Plaintiff's Application to Proceed *In Forma Pauperis* until 6 weeks after the Application was filed. 12/02/2011 Order, ECF No. 6.  Plaintiff attempted to serve the Defendants on December 19, 2011. Acknowledgement of Service, ECF No. 8.  Given these factors and the policy of applying considerable leeway to a *pro se* civil rights litigant when considering a Rule 4(m) time limit extension, the court will extend the deadline for Plaintiff to serve the Defendants.

Accordingly, the Court hereby **ORDERS** Plaintiff to file proof that he has served each Defendant or provide the clerk with an accurate service address for each Defendant by March 16, 2012.  Once Plaintiff provides the clerk with the correct address information for the Defendants, the clerk shall reissue summons and the U.S. Marshal shall serve a copy of the Complaint, any amendments or attachments, and this Order upon Defendants.  If Plaintiff cannot complete service by March 16, 2012, he may move for an extension of time.  The Court will only grant an extension if Plaintiff demonstrates good cause for his failure to serve the Defendants.  *See* Fed. R. Civ. P. 4(m). Failure to comply with the terms of this Order will result in dismissal without prejudice.

**IT IS SO ORDERED.**

Dated: February 27, 2012

LAUREL BEELER
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California