UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK CATO,

        Plaintiff(s),

    v.

COMMUNITY JOB PROGRAM,

        Defendant(s).
_____/

No. C-11-05156 DMR

**ORDER DISMISSING CASE WITH PREJUDICE**

    Plaintiff Mark Cato brings this employment discrimination case against Defendants Community Job Program ("CJP") and San Francisco Private Industry Council. [Docket No. 1.] According to the complaint, on or about July 20, 2005, a manager sexually harassed him during the course of his employment at the YMCA Café. After he reported the incident to CJP Employment Specialist Anna Kelleher, she reassigned him to work at Goodwill Industries. A month later, she tried to convince Plaintiff to return to his job at the café. According to Plaintiff, she threatened to terminate his relationship with CJP if he did not comply. When Plaintiff returned to the YMCA Café, the manager again sexually harassed him. After Plaintiff again complained to Kelleher about the sexual harassment, she expelled him from CJP.

    Plaintiff filed a complaint with the Federal Equal Employment Opportunity Commission ("EEOC") on March 29, 2011. On October 6, 2011, Plaintiff also filed a discrimination complaint

with the California Department of Fair Employment and Housing ("DFEH").  Plaintiff claims to have received a Notice of Right to Sue letter from the EEOC on October 19, 2011.

Plaintiff, proceeding *pro se*, brought suit in this Court on October 20, 2011, claiming, *inter alia*, job discrimination and retaliation on the basis of sex and race under Title VII, wrongful termination, unpaid wages, and the intentional infliction of emotional distress.  The case originally was assigned to the Honorable Laurel Beeler.  Plaintiff simultaneously filed a motion for leave to proceed *in forma pauperis*, which the court granted.  [Docket Nos. 2, 6.] The U.S. Marshal attempted to serve Defendants on December 30, 2011, but failed because Plaintiff had not provided the correct address.  [*See* Docket Nos. 8, 12.]  On February 27, 2012, the court ordered Plaintiff to provide the Court with correct addresses for Defendants.  [Docket No. 13.]  He provided new addresses on March 6, 2012.  [Docket No. 16.]  However, the U.S. Marshal again failed to serve Defendants because the addresses were incorrect.  [Docket Nos. 19-20.]  On June 5, 2012, Judge Beeler referred the matter to the undersigned to determine whether this case is related to *Cato v. Goodwill Industries of San Francisco*, C-11-2553 DMR.  Because this case is identical to the earlier-filed case, the court related the two matters.  For the reasons below, the court dismisses this case with prejudice.

## II. The Legal Standard for Dismissal for Failure to State a Claim

When evaluating whether to dismiss a case for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief."  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged to demonstrate an "entitle[ment] to relief require[] more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2005) (brackets in original) (quotation marks omitted) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) ("Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss." (citation omitted)).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, in certain circumstances, the court may consider extrinsic evidence without converting the motion into a motion for summary judgment. *Id.* (citation omitted); *see* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). For example, the court may examine "material which is properly submitted as part of the complaint." *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). If a document's authenticity is not contested and the complaint "necessarily relies" on it, the court may take that document into account even if it is not physically attached to the complaint. *Id.* (citation and quotation marks omitted).

### III. Analysis

"[D]istrict courts may dismiss an action *sua sponte* on [statute of] limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." *Donell v. Keppers*, No. 10-CV-2613, 2011 WL 6098025, at *4 (S.D. Cal. Dec. 6, 2011). Plaintiff has failed to state facially plausible claims in his complaint, because each claim is time barred by its respective statute of limitations.

An individual seeking redress under Title VII in California must file an administrative charge with the EEOC within 300 days of the alleged unlawful employment practice before commencing a civil employment discrimination suit in Federal court. 42 U.S.C. § 2000e-5(f); *E.E.O.C. v. Cal. Psychiatric Transitions, Inc.*, 644 F. Supp. 2d 1249, 1264 (E.D. Cal. 2009). In this case, Plaintiff filed his charge with the EEOC approximately five-and-a-half years after the alleged incidents at issue. Because he did not present his allegations to the EEOC within the allotted time, he did not properly exhaust his administrative remedies and may not bring his Title VII claims before the Court.

Plaintiff's claims of employment discrimination that could fall under the California Fair Employment and Housing Act fail for the same reason.  Statute requires a complainant to file a complaint with the California Department of Fair Employment and Housing within a year of the alleged discriminatory acts.  Cal. Gov't Code § 12960(d); *see also* § 12940.  Plaintiff filed his complaint with the DFEH over five years after the date of the alleged acts, making his claims time barred under California law.

Plaintiff does not specify the nature of his claim for unpaid wages, but the statute of limitations on the claim has passed under Federal and California law.  Under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a party must commence an action for unpaid wages within two or three years after the cause of action has accrued, depending on the nature of the alleged violation.  *Id.* § 255(a).  Under California law, a similar action must begin within two, three, or four years of the date of accrual, depending on the alleged violation.  *Cuadra v. Millan*, 17 Cal. 4th 855, 859 (1998).  Again, in this case Plaintiff waited nearly six years to file suit.

Under California law, claims for wrongful employment termination, the intentional infliction of emotional distress, and other actions sounding in negligence have a two-year statute of limitations.  Cal. Civ. Proc. § 335.1.  Plaintiff cannot proceed with these claims, because he filed them nearly four years too late.

## IV. Conclusion

Because Plaintiff's claims are time barred, the court finds that he has failed to state a claim upon which relief can be granted.  The court ORDERS this case DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: June 15, 2012



_____
DONNA M. RYU
United States Magistrate Judge

4